UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARC SCHIELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:24-cv-30-MPB-CSW |
| | ) |
| CITY OF EVANSVILLE, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S STATEMENT OF CLAIMS**

Pursuant to Section IV(B) of the Case Management Plan approved by this Court and consistent with the certification provisions of Fed. R. Civ. P. 11(b), Plaintiff, Marc Schiele, by counsel, submits his statement of claims and legal theories to be proven at trial:

1. Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.,* the Family & Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*, and the Indiana Wage Payment statute, IC § 22-2-6-2.

2. Under the ADA, Plaintiff alleges that Defendant improperly disclosed Schiele's confidential medical information, including information relating to Schiele's diagnoses and accommodation requests, to individuals without need to know. Further, Plaintiff alleges that Defendant retaliated against him after he attempted to engage in the interactive process and/or requested reasonable accommodations in November 2022 by requiring him to appear in front of the Fire Department's Pension Board. Further, Plaintiff alleges that Defendant retaliated against him for filing a Charge of Discrimination by refusing him an exit interview and improperly withholding wages from his final paycheck without authorization.

3. Under the FMLA, Plaintiff alleges that Defendant unlawfully interfered with his

rights under the FMLA by using Schiele's FMLA usage as a negative in assessment of his performance and subjecting him to an administrative/light duty assignment. Further, Schiele alleges that Defendant retaliated against for using his approved FMLA leave by moving him to administrative/light duty, reassigning him to Station 2, and requiring his appearance in front of the Fire Department's Pension Board.

3. If Defendant can articulate a legitimate, non-retaliatory reason for the actions taken against Plaintiff in violation of the ADA and FMLA, Plaintiff will present evidence that the reasons given for the actions taken by Defendant were pretext for retaliation.

4. Finally, Plaintiff alleges that Defendant made an improper wage assignment when it deducted an amount for clothing and equipment without a signed written authorization by Schiele in violation of Indiana Code § 22-2-6-2. Plaintiff will seek liquidated damages for Defendant's knowing violation.

5. The Defendant's actions were willful, intentional, and done with reckless disregard of Plaintiff's civil rights, and Plaintiff suffered damages as a result of the Defendant's unlawful actions.

Respectfully submitted,

*/s/ Lauren E. Berger*_____
Kyle F. Biesecker
Lauren E. Berger
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Fax: (812) 424-1005
Email: kfb@bdlegal.com
lberger@bdlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2025, a copy of the foregoing *Plaintiff's Statement of Claims* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

James P. Casey
Matthew S. Koressel
Ziemer, Stayman, Weitzel & Shoulders, LLP
P.O. Box 916
Evansville, IN  47706-0916
E-mails: jcasey@zsws.com
mkoressel@zswz.com

                                         s/ Lauren E. Berger
                                         Lauren E. Berger